## SETTLEMENT AGREEMENT

### RECITALS

A. This Agreement is entered into by and between Artis LLC ("Artis"), a New Jersey limited liability company with its principal place of business at 299 Pavonia Avenue, Jersey City, New Jersey 087302 and STW Enterprise, Inc. d/b/a Cailyn Cosmetics ("Cailyn"), a California corporation with its principal place of business at 10450 Pioneer Blvd., Santa Fe Springs, California 90670.

B. Artis is the owner of U.S. Design Patent D699,041, among others (the "'041 Patent") which identifies a unique and ornamental design for a cosmetic brush. A copy of the '041 Patent is attached as Exhibit A.

C. Artis has alleged that Cailyn manufactured, used, imported, offered for sale, and/or sold certain cosmetic brushes under the name "O! WOW BRUSH" in the United States which infringe the '041 Patent (hereinafter the "Infringing Brush"). An image of the Infringing Brush is attached as Exhibit B.

D. On December 9, 2014, Artis commenced a litigation in the United States District Court for the Southern District of New York styled *Artis LLC v. STW Enterprise, Inc. d/b/a Cailyn Cosmetics* (1:14-cv-09707-VEC) alleging infringement of the '041 Patent (hereinafter, the "Litigation"). Cailyn denies the claims asserted in the Litigation. Artis' claims and Cailyn's denial are referred to herein as the "Dispute."

E. Artis and Cailyn desire to settle the Dispute. Therefore, in consideration of their mutual agreement to settle, Artis and Cailyn agree as follows.

### TERMS

1. Cailyn represents and warrants that it sold no more than 948 units of the Infringing Brush and that, as of January 26, 2015, it has discontinued selling, importing, marketing, advertising, and offering for sale the Infringing Brush and/or any cosmetic brush that is substantially the same as the Infringing Brush and that it maintains no inventory of the Infringing Brush. Cailyn also represents that it never manufactured or caused any third party to manufacture the Infringing Brush. Cailyn agrees that it will not sell, import, export, market, advertise, offer for sale, distribute, promote, or display the Infringing Brush, in the United States,

and/or any brush that is substantially the same as the Infringing Brush. Cailyn agrees that it shall not aid or assist any third party in violating the terms of this Paragraph.

2. Cailyn agrees to pay to Artis seven-thousand dollars ($7,000.00) no later than seven days after both parties have executed this Agreement. The money shall be wire-transferred to the following account:

> Account Name: Cozen O'Connor Attorney Trust Account
> Bank Name: Capital One
> Bank Address: New York, NY
> Account No.: 7024124385
> ABA No.: 021407912
> Swift Code: NFBKUS33

3. No later than seven days after both parties have executed this Agreement, Artis shall file a Stipulation of Dismissal of the Litigation.

4. Subject to Cailyn's strict compliance with all terms of this Agreement, Artis releases Cailyn, its affiliates, subsidiaries, officers, employees, from any claims, actions, or causes of action arising from all conduct relating to the Infringing Brush beginning before the date of this Agreement. Subject to Artis' strict compliance with all terms of this Agreement, Cailyn releases Artis, its affiliates, subsidiaries, officers, and employees from any claims, actions, or causes of action arising from conduct beginning before the date of this Agreement. The foregoing releases shall not apply to any claims, actions, or causes of action arising from conduct originating after the date of this Agreement.

5. Cailyn acknowledge that any breach of any of the obligations under this Agreement, including if any of the representations and warranties contained herein prove false, would cause immediate and irreparable injury to Artis. Should Cailyn violate the terms of this Agreement or should any of the representations and warranties prove false, Artis shall have the right to seek the entry of temporary, preliminary and permanent injunctive relief against Cailyn,

6. The parties each represent that this Agreement is freely and voluntarily entered into, with the independent advice of each party's attorneys, and that no promise, inducement, or agreement not contained in this Agreement has been made on any subject in connection with this

Agreement. This Agreement shall be deemed to have been drafted by all parties to the Agreement and no rule of construction shall be applied against any party as the drafter.

7. This Agreement constitutes the entire agreement between the parties relating to the Dispute, and is binding on the parties, their parents, affiliates, subsidiaries, assignees, licensees, successors and all entities under their control, and any related companies under common control. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by the parties or their authorized representatives.

8. In the event any provision of this Agreement or the application of any such provision shall be held by a court or tribunal to be invalid or unenforceable, the remaining provisions of this Agreement shall remain in full force and effect. Any delay by one party in enforcing its rights under this Agreement shall not be construed as a waiver, in full or in part, by that party of any such rights.

9. Each party represents and warrants that it is authorized to enter into this Agreement and that the person executing this Agreement on its behalf has the capacity, full power and authority to bind it to each and every provision of this Agreement.

10. This Agreement shall be governed by the laws of the State of New York, without regard to New York's conflict of laws principles and choice of law rules, and applicable federal law. For the purposes of enforcement of this Agreement, the Parties hereby consent to, and submit to the exclusive jurisdiction of the United States District Court for the Southern District of New York or, if subject matter jurisdiction is lacking in such court, then to the exclusive jurisdiction of the courts of the State of New York, in connection with any suits arising under or in connection with this Agreement and no Party shall contest or object to the jurisdiction of such courts over them or otherwise assert in connection with any such action any defense of lack of personal jurisdiction, lack of venue or forum non conveniens.

11. The parties declare that each of them has read this Agreement, knows and understands its contents, and comprehends and agrees to all of its terms, conditions and meanings and their significance.

12. This Agreement may be signed in counterparts, each of which shall be an original, with the same effect as if the signatures were upon the same document. The Parties agree that any facsimile or PDF copy of the other Party's executed counterpart of this Agreement (or its signature page thereof) shall be deemed an executed original.

IN WITNESS WHEREOF, the parties have executed and delivered this Agreement as of the date on which the last-signing party signs below.

**ARTIS LLC**

By: _Jeremy Adelman_

Title: Managing Partner

Date: 2/27/2015

**STW ENTERPRISE INC. d/b/a CAILYN COSMETICS**

By: _Jin Kim_

Title: Mgr

Date: 2/20/15

4

**Exhibit A**

**U.S. Patent No. D699,041**


US00D699041S

## (12) United States Design Patent
### Waitesmith

(10) Patent No.: **US D699,041 S**
(45) Date of Patent: ** Feb. 11, 2014

(54) **COSMETIC BRUSH**

(76) Inventor: **Matthew Waitesmith**, Jersey City, NJ (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/425,384**

(22) Filed: **Jun. 22, 2012**

### Related U.S. Application Data

(63) Continuation of application No. 12/425,182, filed on Apr. 16, 2009, now abandoned.

(51) **LOC (10) Cl.** .................................................. **04-02**
(52) **U.S. Cl.**
USPC ............................... **D4/138**; D4/104; D4/134
(58) **Field of Classification Search**
USPC .................. D4/104–112, 132, 134, 136, 138; 15/143.1, 159.1, 160, 186–188, 167.1, 15/167.2, 167.3; D28/7, 20; 16/430, 431; 132/216, 218, 313, 317, 320
See application file for complete search history.

(56) **References Cited**

#### U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 1,193,287 A * | 8/1916 | Morgan | 15/188 |
| 1,647,453 A | 11/1927 | Krantz | |
| 1,657,450 A | 1/1928 | Barnes | |
| D165,862 S * | 2/1952 | Partridge | D4/134 |
| 2,706,825 A | 4/1955 | Blakeman | |
| 3,065,480 A | 11/1962 | Sexton | |
| D243,422 S * | 2/1977 | Varga | D4/104 |
| 4,165,755 A | 8/1979 | Cassai | |
| D255,511 S | 6/1980 | Hill et al. | |
| 4,227,276 A | 10/1980 | Ginsburg | |
| 4,330,896 A | 5/1982 | Booth | |
| 4,598,437 A | 7/1986 | Ernest et al. | |
| D336,991 S | 7/1993 | Makinami | |
| D346,902 S | 5/1994 | Makinami | |
| D357,123 S * | 4/1995 | Brown et al. | D4/104 |
| 5,476,334 A | 12/1995 | Tello-Vallarino | |
| 5,511,276 A | 4/1996 | Lee | |
| D373,250 S * | 9/1996 | Cavazza | D4/104 |
| D387,203 S * | 12/1997 | Matharu | D4/104 |
| 5,842,488 A | 12/1998 | Belleau et al. | |

(Continued)

#### FOREIGN PATENT DOCUMENTS

CN        201453625 U  *  5/2010

#### OTHER PUBLICATIONS

GB 2051937 Registered Design Application, (La Brosse et Dupont SA) Mar. 18, 1996, [online], [retrieved on Nov. 21, 2012] Retrieved from the Design Database of the Intellectual Property Office of the United Kingdom using the Internet: <URL: http://www.ipo.gov.uk>.*

(Continued)

*Primary Examiner* — Melanie H Tung
*Assistant Examiner* — Lavone D Tabor
(74) *Attorney, Agent, or Firm* — Jason L. Gilbert

(57) **CLAIM**

The ornamental design for a cosmetic brush, as shown and described.

### DESCRIPTION

FIG. **1** is a top perspective view of a cosmetic brush showing my new design.
FIG. **2** is a top view of a cosmetic brush showing my new design; and,
FIG. **3** is a first side view of a cosmetic brush showing my new design.
The ornamental design which is claimed is shown in solid lines in the drawings. The broken lines in the drawings are for illustrative purposes only and form no part of the claimed design.

**1 Claim, 3 Drawing Sheets**



(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | |
|---|---|---|
| 5,881,421 A | 3/1999 | Ducharme |
| 6,039,051 A | 3/2000 | Dorf |
| 6,050,273 A | 4/2000 | Lhuisset |
| 6,108,847 A * | 8/2000 | Cueman et al. ............ 15/104.94 |
| 6,234,798 B1 | 5/2001 | Beals et al. |
| 6,687,940 B1 | 2/2004 | Gross et al. |
| 6,779,532 B2 | 8/2004 | Dorf |
| 7,182,542 B2 | 2/2007 | Hohlbein |
| D589,258 S * | 3/2009 | Littmann et al. ............... D4/104 |
| 7,823,593 B2 | 11/2010 | Gueret |
| 2005/0188486 A1 | 9/2005 | Tubman |
| 2007/0143942 A1 * | 6/2007 | Fox et al. ................. 15/143.1 |

OTHER PUBLICATIONS

KR 300022366 Registered Design Bibliography, May 15, 1978, [online], [retrieved on Nov. 15, 2012] Retrieved from the Design Database of the Korean Intellectual Property Rights Information Service using Internet: <URL: http//eng.kipris.or.kr>.*

CN 301434919 Registered Design, (Qin, Bingxian) Jan. 12, 2011, [online], [retrieved on Jan. 13, 2013] Retrieved from the Questel Intellectual Property Portal Design Database using the Internet: <URL: http://www.orbit.com>.*

* cited by examiner



FIG. 1



FIG. 2

**U.S. Patent**     Feb. 11, 2014     Sheet 3 of 3     **US D699,041 S**



FIG. 3

## Exhibit B
## Image of Infringing Brush

